# EXHIBIT A

THE SUPERIOR COURT OF CALIFORNIA
**COUNTY OF LOS ANGELES**

Español   Tiếng Việt   한국어   中文   հայերեն

Search

| Home | Online Services | Forms, Filings & Files | Self-Help | Divisions | Jury | General Info |
|------|----------------|------------------------|-----------|-----------|------|--------------|
|      | Pay Fines, Search Records... | Forms, Filing Fees... | Self-Rep, Info, FAQs... | Civil, Criminal, Family... | Jury Duty Portal, Q&A... | Courthouses, ADA ... |

ONLINE SERVICES

# Case Access



LANGUAGE ACCESS

English

## CASE INFORMATION

PRINT     NEW SEARCH

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** 20STCV19395
MEREDITH MEAD VS ALCLEAR, LLC

**Filing Courthouse:** Spring Street Courthouse

**Filing Date:** 05/20/2020
**Case Type:** Other Non-Personal Injury/Property Damage tort (General Jurisdiction)
**Status:** Pending

Click here to access document images for this case
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**09/09/2020** at 13:30 PM in Department 10 at 312 North Spring Street, Los Angeles, CA 90012
Initial Status Conference

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

ALCLEAR LLC - Defendant

HAWKINS JAMES R. - Attorney for Plaintiff

MEAD MEREDITH - Plaintiff

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Documents Filed (Filing dates listed in descending order)**
**08/03/2020** Proof of Service Summons
Filed by Meredith Mead (Plaintiff)

**07/08/2020** Certificate of Mailing for ((Court Order Re: Initial Status Conference) of 07/08/2020)
Filed by Clerk

**07/08/2020** Minute Order ( (Court Order Re: Initial Status Conference))
Filed by Clerk

**05/20/2020** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**05/20/2020** Summons (on Complaint)
Filed by Clerk

**05/20/2020** Civil Case Cover Sheet
Filed by Meredith Mead (Plaintiff)

**05/20/2020** Complaint
Filed by Meredith Mead (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Proceedings Held (Proceeding dates listed in descending order)**

**07/08/2020** at 3:12 PM in Department 10, William F. Highberger, Presiding
Court Order

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Register of Actions (Listed in descending order)**

**08/03/2020** Proof of Service Summons
Filed by Meredith Mead (Plaintiff)

**07/08/2020** at 3:12 PM in Department 10, William F. Highberger, Presiding
Court Order

**07/08/2020** Certificate of Mailing for ((Court Order Re: Initial Status Conference) of 07/08/2020)
Filed by Clerk

**07/08/2020** Minute Order ( (Court Order Re: Initial Status Conference))
Filed by Clerk

**05/20/2020** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**05/20/2020** Civil Case Cover Sheet
Filed by Meredith Mead (Plaintiff)

**05/20/2020** Complaint
Filed by Meredith Mead (Plaintiff)

**05/20/2020** Summons (on Complaint)
Filed by Clerk

NEW SEARCH

Privacy Statement | Disclaimer | Employment | ADA | Holidays | Comment on our Website          Copyright © 2020 Superior Court of California, County of Los Angeles

ORIGINAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James Hawkins, SBN 192925<br>Isandra Fernandez, SBN 220482<br>JAMES HAWKINS APLC<br>9880 Research Dr., Suite 200 Irvine, CA 92618<br>TELEPHONE NO.: (949)387-7200    FAX NO.: (949) 387-6676<br>ATTORNEY FOR *(Name):* MEREDITH MEAD | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>MAY 20 2020<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____, Deputy<br>Steven Drew |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: MEREDITH MEAD

CASE NAME:
Mead v. Alclear, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **20STCV19395**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[✓] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 5
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 19, 2020
Isandra Fernandez
_____
(TYPE OR PRINT NAME)      ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Mead v. Alclear, LLC | CASE NUMBER: 20STCV19395 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.



| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Mead v. Alclear, LLC | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☑ A6025  Other Non-Personal Injury/Property Damage tort | ①②③ |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Mead v. Alclear, LLC | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: Mead v. Alclear, LLC | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☒ 1. ☒ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the _Stanley Mosk_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: _May 19, 2020_____

_Sandra Fernandez_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

ORIGINAL

1  James R. Hawkins, Esq. SBN 192925
   Isandra Fernandez, Esq. SBN 220482
2  **JAMES HAWKINS APLC**
   9880 Research Drive, Suite 200
3  Irvine, CA 92618
   TEL: (949) 387-7200
4  FAX: (949) 387-6676

5  Attorneys for Plaintiff, MEREDITH MEAD
   on behalf of herself and all others similarly situated

6

7

**FILED**
Superior Court of California
County of Los Angeles

MAY 20 2020

Sherri R. ~~~~, Executive Officer/Clerk

By ~~~~~~~, Deputy
Steven Drew

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA
9               FOR THE COUNTY OF LOS ANGELES

10  MEREDITH MEAD on behalf of herself and all      CASE No.:  **20STCV19395**
11  others similarly situated                        JUDGE:
                                                     DEPT:
12          Plaintiff,
                                                     **CLASS ACTION COMPLAINT**
13  vs.
                                                     1) **Violation of California Consumer**
14  ALCLEAR, LLC., a Delaware corporation, and          **Legal Remedies Act, California Civil**
15  DOES 1 through 10, inclusive,                        **Code §§ 1750, *et. seq.* (injunctive relief**
                                                         **only);**
16          Defendants.                              2) **Violation of California's Unfair**
                                                         **Competition Law, California Business**
17                                                       **& Professions Code §§ 17200, *et. seq.*;**
18                                                   3) **Violation of California's False**
                                                         **Advertising Law, California Business**
19                                                       **& Professions Code §§17500, *et. seq.*;**
20                                                   4) **Money Had and Received; and**
                                                     5) **Unjust Enrichment.**
21
22                                                   **JURY TRIAL DEMANDED**
23
24          Plaintiff MEREDITH MEAD (hereinafter "Plaintiff") on behalf of herself and all others
25  similarly situated assert claims against Defendants ALCLEAR, LLC., and DOES 1 through 10
26  (hereinafter "Defendants") as follows:
27
28

- 1 -

MEAD CLASS ACTION COMPLAINT

I.

**INTRODUCTION**

1.      This is a consumer protection class action, pursuant to Code of Civil Procedure section 382, brought against Defendants and any subsidiaries and affiliated companies on behalf of Plaintiff and all others similarly situated.

2.      Defendants charge customers a yearly fee to use its biometric secure identity platform, known as CLEAR.  It stores individuals' personal information and links it to biometric data, allowing them to bypass the travel document checker at security checkpoints by using fingerprint and/or iris.  CLEAR is in 65 plus airports, stadiums, and other venues nationwide. On March 16, 2020, as the Coronavirus pandemic grew throughout the world, Defendants closed CLEAR throughout the country, preventing Plaintiff and others from fully using its service.

3.      Plaintiff seeks relief in this action individually and on behalf of all of Defendants' customers who paid fees and were enrolled when Defendants closed access to CLEAR.

II.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

5.      This Court has jurisdiction over all Defendants because, upon information and belief, they sufficient minimum contacts in California or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice

6.      Venue as to each defendant is proper in this judicial district, pursuant to California Code of Civil Procedure section 395.  On information and belief, Defendants distribute, market and sell their products/services in Los Angeles County and throughout California, and each defendant is within the jurisdiction of this Court for service of process purposes.  The unlawful

- 2 -

acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and the United States.

### III.

### PARTIES

7.    Plaintiff is a citizen of California, residing in Los Angeles, California.  At all relevant times, Plaintiff was enrolled in CLEAR.

8.    Defendant ALCLEAR is a Delaware corporation with its headquarters, upon information and belief, located in New York, NY.   It is the parent technology company that owns and operates CLEAR, a biometric secure identity platform.

9.    The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names.  Plaintiff is informed and believes and based thereon alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

10.    Plaintiff is informed and believes, and based thereon alleges, that Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

### IV.

### FACTUAL BACKGROUND

11.    Defendants operate CLEAR, a biometric secure identity platform most known for its expedited access through security in airports and stadiums.  On the first page of its website, Defendants promote that CLEAR will make you "Feel peace of mind accessing our nationwide network of 65 plus airports, stadiums, and other locations."  The same page instructs customers to provide their name, date of birth, and an email.

12.    The second page requests payment information and acceptance of CLEAR's

- 3 -

MEAD CLASS ACTION COMPLAINT

Terms and Conditions.  When both are submitted, customers are then charged $179.00 for one year of access to CLEAR[1].  Accepting CLEAR's Terms and Conditions can be done by checking a box and clicking "submit," without reading or scrolling through any term.

13.    Plaintiff paid the yearly fee in December 2019, then on March 16, 2020, as the coronavirus pandemic spread throughout the United States, Defendants closed its CLEAR platforms.

14.    As of date, Defendants have not issued/offered refunds or any other type of credit.  By not doing so, Defendants are able to keep tens of millions of dollars.

**IV.**

**CLASS DEFINITION AND ALLEGATIONS**

15.    Pursuant to California Code of Civil Procedure 382, Plaintiff brings this action on behalf of herself and on behalf of all members of the following class and subclass of similarly situated individuals (hereinafter collectively "Class members"):

**Class:**

All consumers in the United States who paid usage fees to Defendants for CLEAR from March 17, 2019 to a date to be determined.

**California Subclass:**

All consumers in California who paid usage fees to Defendants for CLEAR from March 17, 2019 to a date to be determined.

16.    Excluded from the Class members are (1) Defendants, each of its corporate parents subsidiaries and affiliates, officers and directors, and any entity in which Defendants has a controlling interest; (2) persons who properly and timely request to be excluded; and (3) the legal representatives, successors, or assigns of any such excluded person or entities.

17.    **Numerosity.** The Class members consists of thousands, if not hundreds of thousands, of CLEAR customers and is thus so numerous that joinder of all members is impractical.  Although the exact number of members is currently unknown to Plaintiff, the identities and addresses of the Class members can be readily determined from business records

---

[1] First page of Defendants website displays "CLEAR $15/month."

- 4 -

MEAD CLASS ACTION COMPLAINT

maintained by Defendants.

18. **Typicality.** Plaintiff's claims are typical of those belonging to Class members and stem from Defendants' improper and illegal practices as alleged in this complaint. Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class.

19. Common **questions of law and fact predominate** over any individualized questions affecting Class members. Such questions include, but not limited to:

a.    Whether the claims discussed above are true, misleading, or reasonably likely to deceive;

b.    Whether Defendant engaged in false or misleading advertising

c.    Whether Plaintiff and Class members are entitled to declaratory relief;

d.    Whether Plaintiff and Class members are entitled to injunctive or other equitable relief;

e.    Whether Defendants' alleged conduct violates public policy; and

f.    Whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss.

20. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the members of the Class members. Plaintiff has retained highly competent counsel and experienced class action attorneys to represent her interests and that of the Class members. Plaintiff and her counsel have the financial resources to adequately and vigorously litigate this class action. Plaintiff has no adverse or antagonistic interests to those of the Class members. Plaintiff is willing and prepared to serve the Court and the Class members in a representative capacity with all of the obligations and duties material thereto and is determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for Class members.

21. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all Class members is impractical. The injuries suffered by individual Class members are, though important to them, relatively small compared to the burden and expense of individual prosecution needed to address

MEAD CLASS ACTION COMPLAINT

Defendants' conduct. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

22.    Plaintiff cannot be certain of the form and manner of a proposed notice to Class members until the Class is finally defined and discovery is completed regarding the identity of Class members. Plaintiff anticipates, however, that notice by mail or email will be given to Class members who can be identified specifically. In addition, notice may be published in appropriate publications, on the Internet, in press releases and in similar communications in a way that is targeted to reach class members. The cost of notice, after class certification, trial, or settlement before trial, should be borne by Defendant.

23.    Unless a Class is certified, Defendant will retain monies received as a result of its conduct that were taken from Plaintiff and Class members. Unless a Class-wide injunction is issued, Defendant will continue to commit the violations alleged, and the members of the Class and the general public will continue to be deceived

24.    Plaintiff reserves the right to modify or amend the definition of the proposed Class at any time before the Class is certified by the Court.

**VI.**
**CAUSES OF ACTION**

**First Cause of Action**
Violation of California Consumer Legal Remedies Act
California Civil Code §§ 1750 (injunctive relief only)

25.    Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

- 6 -

26.     Plaintiff brings this claim individually and on behalf of the proposed Class members against Defendant.

27.     Plaintiff and Class members are consumers, as defined by California Civil Code §1761(d), who paid fees for use of Defendants' CLEAR services for personal purposes. Defendants' CLEAR program is a service within the meaning of California Civil Code §1761(b).

28.     Defendants' retention of Plaintiff's and Class members' entire enrollment fee ($179.00) without providing full year of service is an unfair business practice in violation of California Consumer Legal Remedies Act.

29.     Plaintiff and the Class members acted reasonably when they enrolled and paid for CLEAR expecting a full year of service.  Plaintiff and the Class suffered injuries caused by Defendant because they have been deprived full value of fully paid service.

30.     Pursuant to California Civil Code §1782(d), Plaintiffs and the Class seek a Court order enjoining the above-described wrongful acts and practices of Defendant.

31.     Pursuant to California Civil Code §1780(d), attached hereto as Exhibit "A" is the affidavit showing that this action has been commenced in the proper forum

32.     WHEREFORE, Plaintiff, and the Class members she seeks to represent, request relief as described herein and below

**Second Cause of Action**
Violation of Unfair Competition Law
(Bus. & Prof. Code, §§ 17200 *et. Seq.*)

33.     Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

34.     Plaintiff brings this claim individually and on behalf of the Class members.

35.     Business & Professions Code Section 17200 provides:

"As used in this chapter, unfair competition shall mean and include any unlawful, ***unfair*** . . . business act . . ." (Emphasis added.)

36.     Defendants' retention of the entire yearly fee without providing a full year service as set forth above constitute unlawful and/or unfair business acts or practices.

- 7 -

MEAD CLASS ACTION COMPLAINT

37.   The actions of Defendants, as alleged within this Complaint, constitute unlawful and unfair within the meaning of Business and Professions Code section 17200, *et seq.*

38.   Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein.

39.   As a direct and proximate result of the unfair business practices of Defendants, Plaintiff, individually and on behalf of all Class members, are entitled to a refund or proportional refund as a result of the unfair business acts and practices described herein.

40.   WHEREFORE, Plaintiff and the Class members she seeks to represent request relief as described herein and below.

**Third Cause of Action**
Violation of California's False Advertising Law,
California Business & Professions Code §§17500, *et. seq.*)

41.   Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

42.   Plaintiff brings this claim individually and on behalf of the Class members.

43.   California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

44.   Defendants engage(d) in a practice of charging customers a yearly enrollment fee even after CLEAR closed, consequently, denying access to Plaintiff and the Class members.

45.   Defendants' national advertising and marketing of CLEAR as being accessible at 65 plus airports, stadiums, and other venues nationwide misrepresented and/or omitted the true content and nature of Defendants' services. Defendants' advertisements and inducements were made in California and come within the definition of advertising as contained in Bus. & Prof. Code § 17500, *et seq.* in that the promotional materials were intended as inducements to enroll in

- 8 -

CLEAR, and are statements disseminated by Defendant to Plaintiff and Class members. Defendant knew that these statements were inaccurate and misleading.

46.    Defendants' advertising that CLEAR is available at 65 plus airports, stadiums, and other venues nationwide, and that its customers would have access to it upon paying a fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendant in fact closed CLEAR while continuing to charge customers for access.

47.    Defendant violated § 17500, *et seq.* by misleading Plaintiff and Class members to believe that they would be charged fees only when they have access to CLEAR.

48.    Defendant knew or should have known, through the exercise of reasonable care that its advertising of CLEAR as being at 65 plus airports, stadiums, and other venues nationwide is false and misleading. Further, Defendant knew or should have known that it was breaching its contracts with its customers and fraudulently charging fees when it continued charging fees while CLEAR was closed.

49.    Plaintiff and Class members lost money or property as a result of Defendants' violation because (a) they would not have enrolled in CLEAR absent Defendants' representations and omission of a warning that it would continue charging customers' credit cards and debit cards while CLEAR nationwide are closed; (b) they would not have purchased or paid for CLEAR on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for CLEAR based on Defendants' misrepresentations and omissions; and (d) CLEAR did not have the characteristics, benefits, or quantities as promised.

### Fourth Cause of Action
Money had and Received

50.    Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

51.    Plaintiff brings this claim individually and on behalf of the Class members.

52.    Defendant received enrollment fees that were intended to be used for the benefit of Plaintiff and the Class members. Defendant did not use those membership fees for the benefit of Plaintiff and the Class members and has not returned any of the wrongfully obtained money.

53.     WHEREFORE, Plaintiff, and the Class members she seeks to represent, request relief as described herein and below.

### Fifth Cause of Action
### Unjust Enrichment

54.     Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

55.     Plaintiff brings this claim individually and on behalf of the Class members.

56.     Plaintiff and Class members conferred benefits on Defendant by paying its yearly enrollment fee.

57.     Defendant has knowledge of such benefits.

58.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' enrollment fees without providing the expected full year service.

59.     Retention of Plaintiff's and Class members yearly access fees under these circumstances is unjust and inequitable because Defendant is not providing a full year of CLEAR services.

60.     Defendant retaining the entire yearly enrollment fee injures Plaintiff and Class members because they do not have access to Defendant service for a full year.

61.     Because Defendants' retention of the non-gratuitous benefits conferred on it by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Class for Defendants' unjust enrichment, in an amount to be determined at trial

62.     WHEREFORE, Plaintiff, and the Class she seeks to represent, request relief as described herein and below.

//
//
//
//
//

- 10 -

MEAD CLASS ACTION COMPLAINT

## VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

1. Certifying the Class and California Subclass as requested and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

2. Award declaring that Defendants' conduct violates the statutes and laws referenced herein;

3. For an award finding in favor of Plaintiff and the Class members on all counts asserted herein;

4. For compensatory damages in amounts to be determined by the Court and/or jury;

5. For prejudgment interest on all amounts awarded;

6. For an order of restitution and all other forms of equitable monetary relief;

7. For injunctive relief as pleaded or as the Court may deem proper;

8. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit; and

9. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

Dated: May 19, 2020          **JAMES HAWKINS, APLC**


_Isandra Fernandez_
James R. Hawkins, Esq.
Isandra Y. Fernandez, Esq.
Attorneys for Plaintiff
MEREDITH MEAD

- 11 -

MEAD CLASS ACTION COMPLAINT

**EXHIBIT A**

1  James R. Hawkins, Esq. SBN 192925
   Isandra Fernandez, Esq. SBN 220482
2  **JAMES HAWKINS APLC**
   9880 Research Drive, Suite 200
3  Irvine, CA 92618
   TEL: (949) 387-7200
4  FAX: (949) 387-6676

5  Attorneys for Plaintiff, MEREDITH MEAD
   on behalf of herself and all others similarly situated

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

11 | MEREDITH MEAD on behalf of herself and all | CASE No.:
12 | others similarly situated | JUDGE:
   | | DEPT:
13 |       Plaintiff, |
14 | | **AFFIDAVIT OF VENUE BY**
   | vs. | **PLAINTIFF MEREDITH MEAD**
15 | |
16 | ALCLEAR, LLC., a Delaware corporation, and |
   | DOES 1 through 10, inclusive, |
17 | |
   |       Defendants. |
18
19
20

21

22     I, MEREDITH MEAD, hereby declare as follows:

23     1.    I am over the age of 18, and if called as a witness I would testify truthfully to the

24           matters set forth in this Declaration. All the matters set forth below are within my

25           personal knowledge, except those matters that are stated to be upon information and

26           belief. As to such matters, I believe them to be true.

27     2.    I am the Plaintiff in the above entitled action

28

                                - 1 -

       MEAD AFFIDAVIT OF VENUE

3.     Pursuant to Cal. Civ. Code §1780(d), I make this Declaration in support of the Class Action Complaint and the claim for relief stated in herein under Cal. Civ. Code § 1780(a).

4.     This action for relief  under Cal. Civ. Code § 1780(a) has been commenced in a county that is a proper place for trial of this action because I reside in Los Angeles County and this is the county where the transaction or any substantial portion thereof occurred.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:  May 18, 2020
        Los Angeles, CA

*Meredith Mead, MSN, RN*

Meredith Mead

- 2 -

MEAD AFFIDAVIT OF VENUE

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/20/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ S. Drew _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV19395 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | William F. Highberger | 10 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 05/21/2020
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By S. Drew , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**ORIGINAL**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ALCLEAR, LLC., a Delaware corporation, and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MEREDITH MEAD on behalf of herself and all others similarly situated

**FILED**
Superior Court of California
County of Los Angeles

MAY 20 2020

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Steven Drew

*[stamp: RECEIVED For Filing Via Email]*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Los Angeles Superior Court | *(Número del Caso):* **20STCV19395** |
| 111 North Hill St., Los Angeles, CA 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAMES HAWKINS APLC, 9880 Research Drive, Suite 200 Irvine CA 92618 (949) 387-7200

| DATE: **MAY 20 2020** Sherri R. Carter, Clerk | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* **STEVEN DREW** | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 10

**20STCV19395**                                                               July 8, 2020
**MEREDITH MEAD vs ALCLEAR, LLC**                                              3:12 PM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: Patricia Flores             ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Initial Status Conference

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 09/09/2020 at 01:30 PM in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex litigation Program courtrooms:  http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

**20STCV19395**                                                                July 8, 2020
**MEREDITH MEAD vs ALCLEAR, LLC**                                                3:12 PM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: Patricia Flores              ERM: None
Courtroom Assistant: None                        Deputy Sheriff: None

All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within 7 days of service.

Please disregard any mention of attached Initial Status Conference Order. This Department no longer issue a separate Initial Status Conference Order. This minute order is the Court's Initial Status Conference Order.

Please note the Court has changed its order as to the timing of the selection by the parties of a third-party cloud service. Due to the pandemic and the urgent need to avoid court appearances, the parties MUST sign up with the service at least ten court days in advance of the Initial Status Conference. See Section 15.

The Court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement five (5) court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

1. PARTIES, COUNSEL AND ISSUES: Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information. Provide a short summary of plaintiff's causes of actions and contentions and, if possible, defendant's defenses.

2. POTENTIAL ADDITIONAL PARTIES: Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

3. IMPROPERLY NAMED DEFENDANT(S): If the complaint names the wrong person or entity, please explain.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 10

**20STCV19395**                                                            July 8, 2020
**MEREDITH MEAD vs ALCLEAR, LLC**                                          3:12 PM

Judge: Honorable William F. Highberger        CSR: None
Judicial Assistant: Patricia Flores           ERM: None
Courtroom Assistant: None                     Deputy Sheriff: None

4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S): If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

5. ESTIMATED CLASS SIZE: Please discuss and indicate the estimated class size.

6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS: Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES: Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

8. POTENTIAL EARLY CRUCIAL MOTIONS: Opposing counsel are to identify and describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues. The vehicles include: • Early motions in limine, • Early motions about particular jury instructions, • Demurrers, • Motions to strike, • Motions for judgment on the pleadings, and • Motions for summary judgment and summary adjudication.

9. CLASS CONTACT INFORMATION: Does plaintiff need class contact information from the defendant's records? If so, do the parties consent to an "opt-out" notice process (as approved in Belaire-West Landscape, Inc. v. Superior Court (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel? If the parties agree on the notice process, who should pay for it? Should there be a third-party administrator?

10. PROTECTIVE ORDERS: Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

11. DISCOVERY: Please discuss discovery. Do the parties agree on a plan? If not, can the parties negotiate a compromise? At minimum, please summarize each side's views on discovery. The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

**20STCV19395**                                                                July 8, 2020
**MEREDITH MEAD vs ALCLEAR, LLC**                                              3:12 PM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: Patricia Flores             ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

discovery you propose.

12. INSURANCE COVERAGE: Please state if there is insurance for indemnity or reimbursement.

13. ALTERNATIVE DISPUTE RESOLUTION: Please discuss ADR and state each party's position about it. If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

14. TIMELINE FOR CASE MANAGEMENT: Please recommend dates and times for the following:
• The next status conference, if a status conference is needed. The Court does not schedule status conferences for "routine" cases. The normal procedure is the Court will give a deadline for the motion for class certification with a non-appearance hearing set a few court days after the deadline;
• A schedule for alternative dispute resolution, if it is relevant; • A filing deadline for the motion for class certification; and
• Filing deadlines and descriptions for other anticipated non-discovery motions.

15. ELECTRONIC SERVICE OF PAPERS: For efficiency the complex program requires the parties in every new case to use a third-party cloud service (also known as an e-service provider). The parties must sign up with the provider at least ten court days in advance of the initial status conference and advise the Court, via email to sscdept10@lacourt.org, which provider was selected.

16. REMINDER WHEN SEEKING TO DISMISS OR TO OBTAIN SETTLEMENT APPROVAL: "A dismissal of an entire class action, or of any party or cause of action in a class action, requires Court approval . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail." If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

17. STAY OF PROCEEDINGS. Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. However, any defendant may file a Notice of

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 10

**20STCV19395**                                                                    July 8, 2020
**MEREDITH MEAD vs ALCLEAR, LLC**                                                      3:12 PM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: Patricia Flores             ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

---

Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay shall not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case, however shall stay all outstanding discovery requests.

18. SERVICE OF THIS ORDER. Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service of this order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this order.


Certificate of Mailing is attached.

---

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>07/08/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ P. Flores _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Meredith Mead | |
| DEFENDANT/RESPONDENT:<br>Alclear, LLC | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV19395 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Initial Status Conference) of 07/08/2020 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

James R. Hawkins
James Hawkins APLC
9880 Research Dr Ste 200
Irvine, CA  92618

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 07/10/2020                    By:   P. Flores _____
                                                  Deputy Clerk

**CERTIFICATE OF MAILING**

*10*

| Attorney or Party without Attorney:<br>James R. Hawkins, Esq. (#192925)<br>JAMES HAWKINS, APLC<br>9880 Research Drive, Suite 800<br>Irvine, CA 92618<br>*Telephone No:* (949) 387-7200 | **For Court Use Only**<br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>AUG 0 3 2020 |
|---|---|
| *Attorney For:* Plaintiff | *Ref. No. or File No.:*<br>ALCLEAR LLC | Sherri R. Carter, Executive Officer/Clerk<br>By _____, Deputy<br>Maisha Pryor |

RECEIVED AUG 0 3 2020 Filing Window

| *Insert name of Court, and Judicial District and Branch Court:*<br>Los Angeles Superior Court |
|---|
| *Plaintiff:* MEREDITH MEAD on behalf of herself and all others similarly situated<br>*Defendant:* ALCLEAR, LLC., a Delaware corporation |

| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:*<br>10 | *Case Number:*<br>20STCV19395 |
|---|---|---|---|---|

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location (Certificate of Grounds for Assignment to Courthouse Location); Notice of Case Assignment- Unlimited Civil Case; Minute Order Re: Initial Status Conference

3.  *a. Party served:*  ALCLEAR, LLC., a Delaware corporation
    *b. Person served:*  Kaitlyn Mannix, CSC Lawyers Incorporating Service, Registered Agent

4.  *Address where the party was served:*  2710 Gateway Oaks Dr, #150N, Sacramento, CA 95833

5.  *I served the party:*
    a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Tue, Jul 21 2020 (2) at *(time)*: 11:25 AM

    (1) [X] (business)
    (2) [ ] (home)
    (3) [ ] (other):

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a. [ ]  as an individual defendant.
    b. [ ]  as the person sued under the fictitious name of *(specify)*:
    c. [ ]  as occupant.
    d. [X]  On behalf of *(specify)*:  ALCLEAR, LLC., a Delaware corporation
       under the following Code of Civil Procedure section:

    | | |
    |---|---|
    | [X] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
    | [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
    | [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
    | [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
    | [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
    | [ ] other: | |

| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | **PROOF OF<br>SERVICE<br>SUMMONS** | *4706857*<br>*(11563967)*<br>**Page 1 of 2** |
|---|---|---|

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| James R. Hawkins, Esq. (#192925)<br>JAMES HAWKINS, APLC<br>9880 Research Drive, Suite 800<br>Irvine, CA 92618<br>Telephone No: (949) 387-7200 | | | | |
| Attorney For: Plaintiff | Ref. No. or File No.:<br>ALCLEAR LLC | | | |

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| Los Angeles Superior Court |

| Plaintiff: MEREDITH MEAD on behalf of herself and all others similarly situated |
|---|
| Defendant: ALCLEAR, LLC., a Delaware corporation |

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>20STCV19395 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name:                  Michael Morris
   b. Address:               **FIRST LEGAL**
                             600 W. Santa Ana Blvd., Ste. 101
                             SANTA ANA, CA 92701
   c. Telephone number:      (714) 541-1110
   d. **The fee** for service was:   $208.85
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒ a registered California process server:
          (i) ☐ owner ☐ employee ☒ independent contractor
          (ii) Registration No: 2102-33
          (iii) County: Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

07/31/2020

*(Date)*

*Michael Morris*



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*4706857*
*(11563967)*
**Page 2 of 2**